# Order

**Michigan Supreme Court**
Lansing, Michigan

January 16, 2009

137355

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

TERRELL JENKINS,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137355
COA: 276763
Calhoun CC: 2006-003730-FH

On order of the Court, the application for leave to appeal the August 5, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Defendant and the victim had a failed relationship. Soon after the relationship's tumultuous end, defendant waited for the victim to arrive at her car and then grabbed her, dragged her backwards and tried to push her inside the vehicle. Defendant was charged and convicted of domestic violence and attempted unlawful imprisonment based on the predicate felony of aggravated stalking, and acquitted on the charge of aggravated stalking.

Although I would uphold the domestic violence conviction, because I believe it was *legally impossible* for defendant to have been convicted of the predicate felony, I would grant leave to appeal regarding the attempted unlawful imprisonment conviction, which requires that a person knowingly restrain a victim in order "to facilitate the commission of another felony." MCL 750.349b(1)(c). The predicate felony charged here, aggravated stalking, requires a "pattern of conduct composed of a series of 2 or more separate noncontinuous [and unconsented-to] acts[.]" MCL 750.411i(1)(a).

All parties agree that defendant engaged in an unconsented-to act. However, the parties also agree that this was defendant's *only* "unconsented-to act," which, it would

seem, *cannot* amount to aggravated stalking. Thus, it is unclear how defendant could have been convicted of attempting to commit unlawful imprisonment in the absence of the underlying felony. Contrary to *People v Thousand*, 465 Mich 149 (2001), I believe that the instant case involves a legal, rather than a factual, impossibility, and that these concepts may have been mistakenly equated by the trial court.

HATHAWAY, J., not participating. To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 16, 2009

d0113

_____
Clerk